**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Steven Hunter, an individual; Peter Shelp, an individual; and Superior Walls of the St. Croix Valley, L.L.C., a Wisconsin limited liability corporation,

Plaintiffs,

v.

Superior Walls of America, Ltd., a Pennsylvania corporation; Melvin Zimmerman, an individual; Glenn Gingrich, an individual; George Koelsch, Jr., an individual; Carl Martin, an individual; Lee Hawthrone, an individual; Robert Finger, an individual; and John Stolzfus, an individual,

Defendants.

Civil No. 00-2519 (DWF/SRN)

**ORDER AND MEMORANDUM**

---

J. Michael Dady, Esq., Dady & Garner, 4000 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402-2204, counsel for Plaintiffs.

William L. Killion, Esq., Gray Plant Mooty Mooty & Bennett, 3400 City Center, 33 South Sixth Street, Minneapolis, MN 55402; Arthur L. Pressman, Esq., Buchanan Ingersoll, 1835 Market Street, 13th Floor, Philadelphia, PA 19103, counsel for Defendants.

---

This matter is before the Court upon Defendants Superior Walls of America, Ltd., Melvin Zimmerman, Glenn Gingrich, George Koelsch, Jr., Lee Hawthorne, Robert Finger, and John Stolzfus' (collectively referred to as "Defendants") appeal of Magistrate Judge Susan Richard Nelson's order dated September 13, 2001, denying Defendants' Motion to Exclude Evidence. Plaintiffs Steven Hunter, Peter Shelp, and Superior Walls of the St. Croix Valley, L.L.C. (collectively referred to as "Plaintiffs") oppose Defendants' appeal. The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law.

FILED NOV 30 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

*See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.1(b)(2). This is an "extremely deferential standard." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).

Based upon the presentations of counsel and the Court having reviewed Defendants' motion to exclude evidence, including a review of all affidavits and declarations submitted, and the Court being otherwise duly advised in the premises, the Court finds that Magistrate Judge Nelson's order of September 13, 2001, is neither clearly erroneous nor contrary to law.

Accordingly, **IT IS HEREBY ORDERED** THAT:

1. Magistrate Judge Susan Richard Nelson's order of September 13, 2001 (Doc. No. 22), is **AFFIRMED.**

Dated: November 30, 2001

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

The Court, at the request of the Defendants, has reviewed all affidavits and declarations submitted. Without making any assessment of credibility, when the totality of the circumstances and the entire record before the Court are reviewed, it cannot be said that Magistrate Judge Susan Richard Nelson's order of September 13, 2001, is clearly erroneous or contrary to law. The Court does not rely on *In re Users System Services, Inc.*, 22 S.W.3d 331, (Tex. 1999), in reaching that conclusion. The record does not establish that Rule 4.2 was violated, even when the comments by the ABA Committee on Ethics and Responsibility are considered. The Eighth Circuit Court of Appeals has instructed courts to consider the ABA Code of Professional Responsibility in construing

the Minnesota Rules of Professional Conduct. *United States v. Agosto*, 675 F.2d 965, 969 (8th Cir. 1982) (stating that the district court must consider the ABA Code of Responsibility in supervising members of its bar). The Court has done so.

For the reasons stated, the Court denies Defendants' appeal and affirms Magistrate Judge Nelson's order of September 13, 2001.

D.W.F.