IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| STEVEN HUNTER, an individual, PETER SHELP, an individual, and SUPERIOR WALLS OF THE ST. CROIX VALLEY, L.L.C., a Wisconsin limited liability corporation,<br><br>Plaintiffs,<br><br>vs.<br>SUPERIOR WALLS OF AMERICA, LTD., a Pennsylvania corporation, MELVIN ZIMMERMAN, an individual, GLENN GINGRICH, an individual, GEORGE KOELSCH, JR., an individual, CARL MARTIN, an individual, LEE HAWTHORNE, an individual, ROBERT FINGER, an individual, and JOHN STOLZFUS, an individual,<br><br>Defendants. | : | CIVIL ACTION NO. 00-CV-2519 DWF/SRN |

**PROTECTIVE ORDER**

**WHEREAS**, information and documents that may be produced or obtained in discovery in this action may be of a trade secret and confidential nature, including non-public customer account files, manufacturing manuals and marketing manuals relating to the business system provided to Plaintiff, Superior Walls of the St. Croix, Valley, L.L.C. and/or Defendant Superior Walls of America, Ltd. ("SWA"), a Pennsylvania corporation; and

**WHEREAS**, disclosure of such information and documents may cause competitive harm or embarrassment to one or more of the parties, and/or their customers and employees; and

**WHEREAS**, one of the purposes of this Protective Order is to protect the confidentiality of such information and documents; and

DEC 14 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**WHEREAS**, Rule 26(c) of the Federal Rules of Civil Procedure provides for the issuance of protective orders limiting the disclosure of certain information in appropriate circumstances;

**IT IS HEREBY ORDERED BY THE COURT THAT:**

1. This Protective Order governs the handling of all information or materials, including, without limitation (a) documents (as defined in Rule 34 of the Federal Rules of Civil Procedure), exhibits, answers to interrogatories, responses to requests for admissions, deposition transcriptions, and all written, recorded, graphic, or electronically-stored matters (and all identical and non-identical copies thereof); (b) any copies, notes, abstracts, excerpts, or summaries of such information, and the information itself; and (c) any pleading, affidavit, declaration, brief, motion, transcript, or other writing containing such information (collectively, "Information"), produced by or obtained from any party or non-party, directly or pursuant to authorization, in connection with the above-captioned action.

2. Any party or non-party may designate as "Confidential" any information that any party or non-party in good faith believes qualifies as a trade secret under Pennsylvania law. Any party or non-party may also designate as "Confidential" any information that the party in good faith believes is of a private or personal nature, including, but not limited to, income tax returns, salary information, and private commercial information not publicly available. Designation of any Information as "Confidential" renders confidential any copies, excerpts, summaries, quotations, or paraphrases thereof.

3. Information may be designated as "Confidential" as follows:

(a) Any document containing such Information shall be stamped or labeled "Confidential -- Subject to Protective Order" or the substantial equivalent prior to production or exchange. Information contained in answers to interrogatories or requests for admissions, or any other written discovery information, may be similarly designated in writing.

(b) Information contained in deposition testimony or documents disclosed at a deposition may be designated as "Confidential" either orally on the record or in writing within 10 business days after the transcript is made available to the designating party. All information disclosed during a deposition shall be deemed "Confidential" until the expiration of that period, whether or not any portion of the transcript has been so designated previously.

(c) If a witness at a deposition is examined concerning any document previously designated as "Confidential" and if any part of the examination discloses the contents of such document, the portion of the transcript containing such examination automatically shall be designated as "Confidential," and the party that produced the document shall not be required to make any designation on the record; and

(d) Information produced by a non-party in the course of this action may be designated as "Confidential" by the non-party or by a party to protect its own confidentiality rights with respect to the Information. Information produced by a non-party may be designated as "Confidential" by a party by written notice to the non-party and other parties within 45 days of production.

4. All Information designated as "Confidential" ("Confidential Information") shall be subject to this Protective Order and shall be used for purposes of litigating and investigating this action only, and shall not be used, directly or indirectly, by parties, counsel, or non-parties receiving it for or in connection with commercial use. All persons who gain access to Confidential Information shall be and are hereby prohibited and enjoined from disclosing or using it except as specifically provided herein. Counsel and all other persons to whom Confidential Information is disclosed shall take reasonable and appropriate precautions to avoid misuse, loss, and/or unauthorized disclosure of Confidential Information.

5. Confidential Information shall not be disclosed, repeated, given, shown, made available, or communicated in any way to anyone other than the following persons to whom it is necessary that such Information be given for the purposes permitted in paragraph 4 hereto:

(a) this Court and Court personnel in connection with this litigation;

(b) qualified court reporters taking testimony in this litigation;

(c) the named parties, and party personnel (including, without limitation, SWA's in-house counsel) actively involved in or assisting in this litigation;

(d) counsel of record for any party, including outside counsel, their associated attorneys and other employees of their law firms assisting in this litigation;

(e) third party consultants and experts retained by any party or its attorneys of record in this litigation who have agreed, in a written and signed certification in the form of Exhibit A hereto, to be bound by the terms of this Protective Order; and

(f) outside photocopying companies retained by the parties or their attorneys of record in connection with this litigation, provided that no copies of the "Confidential" documents are retained by the photocopying company.

6. Any person may be shown any Confidential Information that identifies the person as its author, addressee, or copy recipient. Additionally, any person formerly employed by the party or non-party designating the Information as "Confidential" may be shown Confidential Information that reasonably relates to matters falling within the scope of the person's area of responsibility for the designating party or non-party during the period of the person's former employment.

7. Subject to the exceptions set forth in paragraph 6, Confidential Information may be used during depositions of party or non-party witnesses taken in this action, subject to the following conditions:

(a) Only persons authorized under paragraph 5 hereto may be in attendance at the deposition; and

(b) If the witness is not the designating party or a representative of the designating party, the witness agrees on the record, or in a written and signed certification in the form of Exhibit A hereto, to be bound by the terms of this Protective Order.

8. Any summary or abstract of any Confidential Information shall bear an appropriate legend and shall be subject to the terms of this Protective Order to the same extent as the information summarized or abstracted.

9. If a party wishes to challenge the designated status of any Information under this Protective Order, the party shall first consult with the party that designated the information. If agreement cannot be reached between counsel, the matter may be submitted to the Court. The party that designated the information as confidential has the burden of proving that the information meets the definition of Confidential Information set forth in paragraph 2. Pending any resolution by the Court, the Information shall be treated as designated.

10. In the event that any Confidential Information is contained in any pleading, motion, exhibit, or other paper filed or to be filed with this Court, such papers shall bear an appropriate legend and shall be filed under seal and remain under seal until further order of this Court. The Clerk of the Court shall accept and maintain all such filings under seal.

11. Nothing herein shall prevent any of the parties from using Confidential Information in connection with any trial in this litigation or from seeking further protection with respect to the use of any Confidential Information in connection with any trial in this litigation. Means to preserve the confidentiality of Confidential Information presented at the trial of this matter shall be considered and implemented prior to the beginning of such trial. Confidential Information that is not received into evidence at trial shall retain its "Confidential" status under this Protective Order.

12. Nothing in this Protective Order shall be construed as an agreement to produce particular information, as an admission of the discoverability, relevance, or admissibility of any particular information, or as a waiver of any rights to object to the discovery or admissibility of information or to seek additional protection from the Court.

13. Within 45 days of the conclusion of this litigation by dismissal, final judgment, disposition of appeal, or settlement, Confidential Information produced in this litigation, including originals, copies, abstracts, or summaries thereof, shall be returned to counsel for the producing party, and no copies thereof shall be retained by any other person, or else the receiving party shall destroy all such Confidential Information and documents. In addition:

(a) If any Information has been furnished to a testifying or consulting expert, fact witness, or litigation-support provider, the attorney who furnished the Information shall notify the recipient that all Information, including abstracts and summaries thereof, designated as "Confidential" must be returned to the producing party within 45 days or destroyed;

(b) Within 45 days of the conclusion of this litigation, counsel for each receiving party shall send to each producing party a certification of its compliance within the requirements of this provision; and

(c) All briefs, pleadings, or other filings with the Court and attorneys' work product which incorporate or disclose Confidential Information may remain in the possession of the parties' litigation counsel and need not be destroyed, but shall be maintained in strict compliance with, and shall remain subject to, the terms and conditions of this Protective Order.

14. Nothing in this Protective Order shall be deemed to restrict a party or non-party's use or disclosure of its own Confidential Information. Such use or disclosure shall not waive the protections of this Protective Order and shall not entitle any other party, non-party, or their attorneys to use or disclose such Confidential Information, or the contents thereof, in violation of this Protective Order.

15. After the conclusion of this litigation, the provisions of this Protective Order shall continue to be binding, and this Court shall retain jurisdiction over the parties, and any other person who has access to Confidential Information, pursuant to this Protective Order for enforcement of the provisions of this Protective Order.

16. Nothing within this Protective Order shall prevent the parties hereto from stating additional objections to the production of information or asserting any other grounds which may exist to prevent disclosure of the information sought.

17. Any party or non-party, on reasonable notice to the others, may apply to the Court to seek to modify or to supplement the terms of this Protective Order for good cause.

December 12, 2001

So Ordered: ______________________ J.

Accepted and agreed to with respect to both form and content:

Arthur L. Pressman (*pro hac vice* pending)
**BUCHANAN INGERSOLL**
**PROFESSIONAL CORPORATION**
Eleven Penn Center, 14th Floor
1835 Market Street
Philadelphia, PA 19103

and

William L. Killion
**Gray, Plant, Mooty, Mooty & Bennett**
3400 City Center
33 South Sixth Street
Minneapolis, MN 55402-3796

Attorneys for Defendants

Dated: 12·11·01

J. Michael Dady
Jennifer L. Gehrig
**DADY & GARNER, P.A.**
4000 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2204

Attorneys for Plaintiffs

Dated: 12-11-01

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| **STEVEN HUNTER, an individual, PETER SHELP, an individual, and SUPERIOR WALLS OF THE ST. CROIX VALLEY, L.L.C., a Wisconsin limited liability corporation,** | : | **CIVIL ACTION NO. 00-CV-2519 DWF/SRN** |
| **Plaintiffs,** | : | |
| **vs.** | : | |
| **SUPERIOR WALLS OF AMERICA, LTD., a Pennsylvania corporation, MELVIN ZIMMERMAN, an individual, GLENN GINGRICH, an individual, GEORGE KOELSCH, JR., an individual, CARL MARTIN, an individual, LEE HAWTHORNE, an individual, ROBERT FINGER, an individual, and JOHN STOLZFUS, an individual,** | : | |
| **Defendants.** | : | |

**PROTECTIVE ORDER**

I acknowledge that I have read and understand the Stipulation and Protective Order dated December ___, 2001, and agree to abide by its terms and conditions. I also understand that any violation of said Protective Order by me or anyone acting under my direction may subject me to penalties for contempt of Court and liability to parties or non-parties who have designated information as "Confidential."

Dated: ______________

______________________
Signature

______________________
Address

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## *Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.